NIX, HALSELL & CO. *et al.* v. H. W. UNDERHILL *et al.*

(Filed Feb. 11, 1899.)

CHATTEL MORTGAGE—*Insolvent Debtors—Preferred Creditors.* An insolvent debtor may make conveyances of the whole or any part of his property, by chattel mortgages, to one or more of his creditors, in good faith, for the security of *bona fide* indebtedness, in exclusion of other creditors. Such conveyances do not ·constitute an asignment of the property in trust for the benefit of all creditors, to be administered by a receiver in a court of equity.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Frank Dale, District Judge.*

*John H. Cotteral,* for plaintiffs in error.

*Green & Strang,* for defendants in error.

Action by Nix, Halsell & Co. and others against H. W. Underhill and others to have certain chattel mortgages declared an equitable assignment for the benefit of creditors, and for the appointment of a receiver. From a judgment sustaining a demurrer to the petition of the plaintiffs, and dismissing the cause, plaintiffs bring error. Affirmed.

Opinion of the court by

TARSNEY, J.: This cause is here upon a transcript of the record. The facts and circumstances shown by this record present precisely the same question involved in *Smith v. Baker,* 5 Okla. 326, 49 Pac. 61, and *Smith-McCord Dry-Goods Co. v. John B. Farwell & Co.,* 6 Okla. 318, 50 Pac.

149, wherein it was held that, where an insolvent debtor makes conveyances of the whole of his property, by chattle mortgage, to one or more of his creditors, in good faith, for the security of a *bona fide* indebtedness, although in exclusion of other creditors, the transaction lacks the essential elements of a trust for the benefit of creditors, and is not brought within the statute relating to voluntary assignments. The statute regulating and permitting voluntary assignments by insolvent debtors for the benefit of creditors was not intended to, and does not, affect or qualify the rights of such debtors to make preferences among their creditors under section 4, ch. 5 Statutes 1893. Upon the authority of those cases, the judgment herein is affirmed.

All of the Justices concurring.